**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

-vs-                                    Case # 5:17cr14-001

MICHAEL SHAWN GARRETT          USM # 25676-017

Defendant's Attorney:
James H. White (Retained)
229 McKenzie Avenue
Panama City, Florida  32401

_____

### JUDGMENT IN A CRIMINAL CASE

On October 17, 2017, the jury returned a verdict finding the defendant guilty on Count 1 of the indictment.  Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Using Interstate Commerce to Attempt to Entice a Minor to Engage in Sexual Activity | May 15, 2017 | 1 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:
January 11, 2018

s/Robert L. Hinkle_____
United States District Judge
January 14, 2018

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months**

The Court recommends to the Bureau of Prisons **in order of priority**:

**1.  The defendant should participate in a residential drug-abuse program and in cognitive behavioral therapy.**

**2.  The defendant should be designated to a facility as near as possible to Biloxi, Mississippi.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this

judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy United States Marshal

## <u>SUPERVISED RELEASE</u>

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must comply with requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.)* as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4.      You must answer truthfully the questions asked by your probation officer.

5.      You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.      You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10  days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.      You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.      If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10.      You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11.      You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.      If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.

13.      You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. PROBATION OFFICE USE ONLY**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature_____        Date _____

## **SPECIAL CONDITIONS OF SUPERVISED RELEASE**

The defendant shall also comply with the following additional conditions of supervised release:

1. You must register with the state sex offender registration agency as required by state law. You must provide proof of registration to the probation officer within three days of release from imprisonment/placement on supervision. In any state that has adopted the requirements of the Sex Offender Registration and Notification Act (42 USC sec. 16901 et seq.), you must also comply with all such requirements as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, is a student, or was convicted of a qualifying offense.

2. You must participate in sex offender-specific treatment, as directed by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co-payment schedule must be determined by the probation officer. The probation officer must release the presentence report and all previous mental health evaluations to the treatment provider. As part of the treatment program, you must submit to polygraph or other psychological or physiological testing as recommended by the treatment provider.

3. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

4. Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the probation officer. You must submit the address of any proposed residence to the probation officer at least 10 days prior to any scheduled change.

5. Your employment must be approved by the probation officer, and any change in employment must be pre-approved by the probation officer. You must submit the name and address of the proposed employer to the probation officer at least 10 days prior to any scheduled change.

6. You must not frequent or loiter within 100 feet of any location where children are likely to gather, or have contact with any child under the age of 18 unless otherwise approved by the probation officer. Children are likely to gather in locations including, but not limited to, playgrounds, theme parks, public swimming pools, schools, arcades, museums or other specific locations as designated by the probation officer.

7. You must not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of processing or storing data as described at 18U.S.C. § 1030, and all peripheral devices.

8. As directed by the probation officer, you must enroll in the probation office's Computer and Internet Monitoring Program (CIMP), and must abide by the requirements of the CIMP program and the Acceptable Use Contract.

9. You must not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On- line services" include any Internet service provider, or any other public or private computer network. As directed by the probation officer, you must warn your employer of restrictions to your computer use.

10. You must consent to the probation officer conducting periodic unannounced examinations of your computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's Internet use.

11. You must not possess or use any data encryption technique or program.

12. You must not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child, or any materials described in 18 U.S.C. § 2256(8).

13. You must refrain from accessing, via the Internet, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the
probation officer.

14. You must submit to testing to determine whether you are using drugs or alcohol.

15. You must successfully participate in substance abuse treatment consisting of an initial evaluation by a probation officer or outside provider and any further appropriate treatment. The treatment may include cognitive behavioral therapy.

16. You must obtain a mental health evaluation and successfully complete any further appropriate treatment.

17. Search Condition: Based on the nature of the instant offense, the following special condition of supervision is recommended:

18. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

19. You must provide the probation officer all requested financial information, both business and personal.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

      These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.


_____        _____
Defendant                                           Date



_____        _____
U.S. Probation Officer/Designated Witness         Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| ASSESSMENT | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| $100.00 | -0- | -0- | -0- |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.